# United States Court of Federal Claims

No. 18-1121
Filed: February 15, 2019

| | | |
|---|---|---|
| VICKY PAULY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Pro Se*; Lack of Subject-Matter |
| | ) | Jurisdiction; RCFC 12(b)(1) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

***SMITH*, Senior Judge**

On July 26, 2018, plaintiff, proceeding *pro se*, filed her Complaint with this Court. Plaintiff's Complaint alleges, *inter alia*, that a New York state court judge failed to issue a restraining order, which caused plaintiff harm. Complaint (hereinafter "Compl.") at A-5. Plaintiff seeks money damages in the amount of $6 million. Id. at A-7. On September 24, 2018, defendant filed its Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See generally* Defendant's Motion to Dismiss. For the following reasons, the Court grants defendant's Motion to Dismiss.

## I.    Background

In her Complaint, Ms. Pauly alleges a New York state court judge denied plaintiff's right to protect herself by denying her requested restraining order, which caused the alleged harm. *See generally* Compl. Defendant filed its Motion to Dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1), arguing that the Court lacks jurisdiction to hear plaintiff's Complaint because this Court does not possess jurisdiction to review the decisions of state courts, and Ms. Pauly's claims fall outside this Court's jurisdiction granted by the Tucker Act. *See generally* Defendant's Motion to Dismiss. On December 10, 2018, plaintiff filed her Response to defendant's Motion to Dismiss. *See generally* Plaintiff's Response to defendant's Motion to Dismiss (hereinafter "Pl.'s Resp.").

In her Response, Ms. Pauly states, *inter alia*, that, absent the restraining order, plaintiff suffered various forms of harm, including threats, stalking, harassment, abuse, and physical injuries. Pl.'s Resp. at 1, 2. Plaintiff also states that her home was entered without permission and her Constitutional rights were violated. *Id.* Plaintiff seeks $6 million in damages. Compl. at A-7.

Defendant filed its Reply in support of its Motion to Dismiss on December 26, 2018. This case is fully briefed and ripe for review. After careful consideration, the government's Motion to Dismiss is granted, and this case is dismissed for lack of jurisdiction, pursuant to RCFC 12(b)(1).

## II.     Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

In determining whether subject matter jurisdiction exists, the Court will treat *factual* allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (emphasis added). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.    Discussion

Ms. Pauly fails to establish by a preponderance of the evidence any claim over which this Court has jurisdiction. Plaintiff's request for relief appears to be against a New York state judge. *See* Compl. at A-5 ("My right to protect myself was denied by Judge Rademacher when I was denied the requested restraining order causing further harm."). The Tucker Act does not provide the Court with jurisdiction to adjudicate claims against state-level government officials. 28 U.S.C. § 1491(a). It is well-established that the United States Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014); *Smith v. United States*, 99 Fed. Cl. 581, 583–84 (2011). As such, Ms. Pauly's claim against the New York state judge falls outside of this Court's jurisdiction and must be dismissed.

Furthermore, this Court lacks jurisdiction to hear the arguments in plaintiff's Response, because they sound in tort.  *See* Pl.'s Resp. at 1, 2.  The Tucker Act explicitly excludes tort claims from this Court's jurisdiction.  "It is well settled that the United States Court of Federal Claims lacks—and its predecessor the United States Claims Court lacked—jurisdiction to entertain tort claims."  *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *see also Sellers v. United States*, 110 Fed. Cl. 62, 66 (2013).  Accordingly, as the Court lacks subject-matter jurisdiction over all of plaintiff's claims for relief, defendant's Motion to Dismiss must be granted.

## IV.    Conclusion

For the reasons set forth in this opinion, defendant's Motion to Dismiss is **GRANTED,** and plaintiff's claim is **DISMISSED** pursuant to RCFC 12(b)(1) for lack of jurisdiction.  The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge